Filed 5/12/23  P. v. Burnett CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095101 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F05901) |
| v. | OPINION ON TRANSFER |
| CARLOS BURNETT, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Carlos Burnett was found guilty of first degree murder and attempted murder after he and a codefendant shot and killed the victim in a gang-related incident. (*People v. Burnett* (June 30, 1998, C026520) [nonpub. opn.].)  The jury also found true allegations that defendant personally used a firearm in the commission of both crimes and intentionally killed the victim by discharging a firearm from a motor vehicle.  (*Ibid.*)  We affirmed the convictions in an unpublished decision in 1998.  (*Ibid.*)

1

After the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), defendant sought resentencing under former Penal Code section 1170.95. (Former section 1170.95 has since been renumbered section 1172.6, with no change in text [see stats. 2022, ch. 58, § 10]; further undesignated statutory references are to the Penal Code.) The trial court appointed counsel and received briefing from the parties. The trial court reviewed the jury instructions given at defendant's trial, observed that the jury had not been instructed on any theory of felony murder or the natural and probable consequences doctrine, and denied the petition accordingly.

Defendant appealed the trial court's order denying his petition for resentencing.

Appointed counsel for defendant asked this court to independently review the record pursuant to *Wende*. Defendant failed to file a supplemental brief and we dismissed the appeal as abandoned. The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). This court sent defendant a letter notifying him of his obligations under *Delgadillo*. Defendant has filed a supplemental brief raising three issues. We have considered defendant's arguments and will affirm the trial court's order.

## DISCUSSION

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under former section 1170.95 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire

record to identify unraised issues." (*Id.* at p. 232.)

Defendant raises three issues related to his original trial, arguing a police detective lied to him in an interrogation, there was a lack of evidence as to the firearm used, and one of the witnesses at trial lied. None of these issues are cognizable in an appeal from an order denying a resentencing petition under former section 1170.95. (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [former section 1170.95 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) This court affirmed defendant's convictions in 1998 and the judgment is now final. (*People v. Burnett* (June 30, 1998, C026520) [nonpub. opn.].) As such, defendant's arguments do not show the trial court erred in rejecting his resentencing petition.

### DISPOSITION

The trial court's order denying the petition is affirmed.

 

 

HULL, J.

 

We concur:

 

ROBIE, Acting P. J.

 

KRAUSE, J.

3